HON. JOEL H. SACHS Town Attorney, Greenburgh
This is in reply to your letter received April 30, 1976, requesting an opinion as to whether or not the police department of the Town of Greenburgh may keep for its official use, vehicles which it has seized and which have been judicially determined to be forfeited pursuant to Penal Law, § 415.00.
Penal Law, § 415.00, subdivision 3, provides:
 "3. The seized property shall be delivered by the peace officer having made the seizure to the custody of the district attorney of the county wherein the seizure was made, except that in the cities of New York and Buffalo, the seized property shall be delivered to the custody of the police department of such cities * * *."
Penal Law, § 415.00, subdivision 4, provides:
 "4. It shall be the duty of the district attorney of the county wherein the seizure is made, if elsewhere than in the cities of New York or Buffalo, and where the seizure is made in either such city it shall be the duty of the corporation counsel of the city * * * to cause the proper proceedings to be commenced and prosecuted * * * to declare such forfeiture * * *."
Penal Law, § 415.00, subdivision 7, provides:
 "7. The district attorney or the police department having custody of the seized property, after such judicial determination of forfeiture, shall, at their discretion, either retain such seized property for the official use of their office or department, or * * * sell such forfeited property at public sale. The net proceeds of any such sale * * * shall be paid into the general fund of the county wherein the seizure was made except that the net proceeds of the sale of property seized in the cities of New York and Buffalo shall be paid into the respective general funds of such cities."
It is clear from the above statute that property seized elsewhere but in the cities of New York and Buffalo be delivered to the district attorney and the district attorney at his option shall retain the vehicle for his official use or sell said vehicle at public sale. (1973 Op. Atty. Gen., 153)
There is no provision in the law whereby a police department of a town may retain such vehicle or proceeds.
A town, village or other municipalities have only those powers granted to it by constitution or statute or necessarily implied therefrom. Wells v. Town of Salina, 119 N.Y. 280 (1890);Scarborough Props. Corp. v. Village of Briarcliff Manor,270 N.Y. 370 (1938); Seaman v. Fedourich, 16 N.Y.2d 94 (1965).
There is no such authority granted to the town nor is there any necessary implication of such authority.
In the absence of statutory provision granting towns express authority to retain such forfeited property for its official use, forfeited vehicles shall be retained by the district attorney at his discretion and not by the Town of Greenburgh, or, in the alternative, they shall be sold at public sale.